Michael Kind, Esq.
Nevada Bar No. 13903
KIND LAW
8860 S. Maryland Parkway
Suite 106
Las Vegas, NV 89123
Phone: (702) 337-2322
Email: mk@kindlaw.com

George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: ghaines@hainesandkrieger.com

Attorneys for Plaintiff
*MARY A. WILSON*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARY A. WILSON, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| NEVADA TITLE AND PAYDAY LOANS, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, MARY A. WILSON, by undersigned

counsel, states as follows:

**JURISDICTION**

1.      Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights.  Along these lines this matter also arises out of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq. ("EFTA") against the Defendant as further described herein.

2.      As a result of any ill-gotten funds by the Defendant the Plaintiff also brings a State law claim for "conversion" against the Defendant.

3.      This action arises out of Defendant's violations of the EFTA by negligently, knowingly, and/or willfully electronically withdrawing funds from Plaintiff's bank account without consent, thereby violating the EFTA.

4.      This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

5.      Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon

information and belief, including investigation conducted by Plaintiff's attorneys.

6. Defendant has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041.

7. Defendant NEVADA TITLE AND PAYDAY LOANS is a "licensee" as that term is defined by NRS 604A.

8. NRS 604A.5041 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

9. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## **PARTIES**

11. The Plaintiff, MARY A. WILSON ("Plaintiff" or "Mrs. Wilson"), is an adult individual residing in Las Vegas, Nevada.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

13.     Defendant NEVADA TITLE AND PAYDAY LOANS ("Defendant" or "NEVADA TITLE"), is doing business in the State of Nevada.

14.     Defendant is and at all times mentioned herein was, a corporation and is a "person".

15.     NEVADA TITLE at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

16.     Plaintiff allegedly incurred a financial obligation (the "Debt") to Nevada Title.

17.     The Debt was a "high-interest loan" as defined by NRS 604A.0703.

18.     NRS 604A.5041 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

19.     As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.5041.

**Rapid Cash Engages in Harassment and Deceptive Tactics**

## FACTS

20.    Plaintiff incurred the Debt to Defendant.  Plaintiff and Defendant

entered an agreement to allow Defendant to withdraw funds electronically from

Plaintiff's bank account to make payments on the Debt.

21.    Monthly Payments were to be made via electronic withdrawals from

Plaintiff's personal bank "account" as defined by 15 U.S.C. § 1693a(2) and 12

C.F.R. 1005.2(b)(1).

22.    The Monthly Payments were electronic funds transfers as defined by

15 U.S.C. § 1693a(7).

23.    Plaintiff encountered difficulty repaying the Debt.  On October 14,

2019, Plaintiff went Defendant's store and left a letter with one of the Defendant's

representatives withdrawing her authorization allowing Defendant to electronically

withdraw funds from her account.  Plaintiff believes the representative's name was

"Laura".

24.    Plaintiff also spoke with a customer service representative name Carol

that same day.  Plaintiff requested Defendant cease its electronic withdrawals, thus

revoking consent to the agreement, and indicated she intended to file bankruptcy.

25.    At this time, the electronic fund transfers (EFTs) should have ceased.

26.    However, Carol instead told the Plaintiff that the Defendant had the

right to electronically withdraw funds from Plaintiff's checking account.

27.    However, notwithstanding the Plaintiff's revocation of her authorization permitting Nevada Title's EFTs, on October 16, 2019, Defendant unlawfully electronically withdrew the sum of $356.79 from Plaintiff's bank account, which left her with a balance of -$352.68.

28.    This withdrawal was an unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. § 1693, et seq.

29.    By withdrawing the aforementioned funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and other personal purposes. Defendant's unauthorized withdrawals also left Plaintiff's account overdrawn, subjecting her to monetary penalties from her bank.  To date, Defendant has not refunded this money to Plaintiff.

30.    Defendant's agent misrepresented the Plaintiff's legal rights to cease collection via the EFTs and instead falsely advised the Plaintiff that it could continue the EFTs (notwithstanding Nevada Title's clear knowledge she revoked consent for future EFTs).   As such, Nevada Title falsely and materially misrepresented the Plaintiff's rights while seeking to collect the Debt in violation of NRS 604A (vis-à-vis the FDCPA).

31.    In addition to the foregoing, the ill-gotten funds and the Defendant's

conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

**Plaintiff Suffered Actual Damages**

32.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

33.     Further, Plaintiff alleges Defendant's actions at all times herein were "willful."

34.     As a direct consequence of Defendant's harassing acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and has otherwise been totally sickened by Defendant's deceptive and illegal collection efforts.  Plaintiff has also lost the use of personal and family time while enduring these frustrations.

35.     Plaintiff has also lost funds which Defendant was not authorized to take possession of, and suffered financial penalties from her bank as a result of Defendant's unauthorized withdrawals.

36.     Plaintiff has also filed bankruptcy, in part as a result of Defendant's illegal conduct and to stop the illegal conduct in the future.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.5041)

37.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

38.    Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.5041.

39.    Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.  Specifically, Defendant misrepresented it was entitled to continue its unauthorized withdrawals.  This was false as Plaintiff revoked Defendant's right to draft the EFTs and stating otherwise was deceptive and misrepresented her rights.

40.    For the same reasons, Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.  Specifically, Defendant indicated it would continue its unauthorized withdrawal despite Plaintiff's clear and unequivocal revocation of her consent to the withdrawal.

41.    Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.  Specifically, Defendant refused to cease withdrawing money from Plaintiff's account stating it had the right to do so.

42.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of

NRS 604A.5041), including every one of the above-cited provisions.

43.     Plaintiff is entitled to damages as a result of Defendant's violations.

44.     Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Violations of the EFTA
### (U.S.C. § 1693 ET SEQ.)

45.     Plaintiff restates and incorporates herein all of her statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

46.     The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

47.     As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT III

### Conversion

48.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

49.   Defendant intentionally took monies from Plaintiff's bank account.

50.   At all times, Plaintiff owned and/or had full possessory rights over the funds in her bank account.

51.   At all times, Defendant had no possessory rights to the funds in Plaintiff's bank account.

52.   Defendant prevented Plaintiff from having access to, and fully deprived Plaintiff of, any possessory rights or enjoyment of her chattels or monies described above.

53.   Defendant's conduct was oppressive, fraudulent, malicious, and outrageous.

54.   Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above.

55.   Defendant further caused Plaintiff to suffer emotional distress.

56.   The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be established at trial.

57.   Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment be entered against Defendant awarding Plaintiff:

1.  consequential damages pursuant to NRS 604A.930;

2.  statutory damages pursuant to NRS 604A.930;

3.  actual damages pursuant to NRS 604A.930;

4.  punitive damages pursuant to NRS 604A.930 (or as may be otherwise recoverable);

5.  costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930;

6.  "voiding" of the Debt, barring Defendant from collecting thereon, and compelling Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7.  actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

8.  statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

9.  costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

10. general and special damages in an amount to proven;

11. punitive damages; and

**12.** any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 22, 2020

Respectfully submitted,

By /s/George Haines, Esq.

George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Attorney for Plaintiff
*MARY A. WILSON*